Stewart BRANDBORG; Larry Campbell; James W. Miller; Friends of the Bitterroot, Inc., Plaintiffs–Appellees,

v.

Dave BULL, Bitterroot National Forest Supervisor, Defendant–Appellant,

and

United States Forest Service, an agency of the United States Department of Agriculture, Defendant.

No. 06–35937.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2008.

Filed May 1, 2008.

Elizabeth L. Griffing, American Civil Liberties Union of Montana, Missoula, MT, David K.W. Wilson, Jr., James Reynolds, Reynolds, Motl, Sherwood & Wright, Helena, MT, for Plaintiffs–Appellees.

Matthew M. Collette, Civil Division/Appellate Staff, Barbara L. Herwig, U.S. Department of Justice, Washington, DC, for Defendant–Appellant.

Before: TASHIMA, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Appellees, Stewart Brandborg, Larry Campbell, James Miller, and the organization Friends of the Bitterroot, filed suit against Appellant, David Bull, the United States Forest Service's Forest Supervisor for the Bitterroot National Forest under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Inter alia, Appellees alleged that Bull, acting in his individual capacity, violated their rights under the First Amendment by excluding them from a Forest Service press conference based on their disagreement with the wildfire prevention plan being announced at the event.

Bull appeals the district court's denial of his motion to dismiss Appellees' complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim against him in his individual capacity. Appellees allege that Bull violated the First Amendment by refusing to allow them to attend, and to speak at, the press conference. Bull contends that he was free to prevent Appellees from speaking at the press conference, even based on their viewpoint, because the conference constituted government speech. Bull further contends that Appellees were not prevented from attending the press conference due to their viewpoint. Rather, he maintains that they were permissibly denied admission because the event was not open to the public. Finally, Bull argues that he is entitled to dismissal based on qualified immunity because neither the right to speak at, nor the right to attend, the press conference was clearly established. We agree with Bull in part, reverse the decision below, and remand for further proceedings.

* This disposition is not appropriate for publication and is not precedent except as provided

We agree with Bull that Appellees had no right under the First Amendment to speak at the Forest Service press conference, at which only proponents of the government's point of view were to speak. The government may not impose viewpoint-based restrictions in a forum for private speech, regardless of whether that forum is public or private. *See Cornelius v. NAACP Legal Def. and Educ. Fund,* 473 U.S. 788, 799–800, 105 S.Ct. 3439, 87 L.Ed.2d 567 (1985). However, the government may regulate its own speech based on viewpoint, even where its message is conveyed by private individuals. *See Rosenberger v. Rector & Visitors of Univ. of Va.,* 515 U.S. 819, 833, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995). After this case was decided by the district court, we adopted a four-factor test for distinguishing between private speech and government speech. *See Ariz. Life Coalition Inc. v. Stanton,* 515 F.3d 956 (9th Cir.2008). Under this approach, we examine:

(1) the central "purpose" of the program in which the speech in question occurs; (2) the degree of "editorial control" exercised by the government or private entities over the content of the speech; (3) the identity of the "literal speaker"; and (4) whether the government or the private entity bears the "ultimate responsibility" for the content of the speech, in analyzing circumstances where both government and a private entity are claimed to be speaking.

*Id.* at 964 (quoting *Sons of Confederate Veterans, Inc. v. Comm'r of Va. Dep't of Motor Vehicles,* 288 F.3d 610, 618–19 (4th Cir.2002)). Applying this standard, and construing the allegations in the complaint in Appellees' favor, we conclude that the Forest Service press conference involved

by 9th Cir. R. 36–3.

government speech. The exclusion of Appellees from participation in a press conference, at which only proponents of the government's point of view were to speak, was not a violation of the First Amendment.

■ The refusal to allow Appellees to attend the press conference, on the other hand, may give rise to a claim under the First Amendment. Bull argues that Appellees were excluded from the press conference because the event was not open to the public, which is a viewpoint-neutral reason. However, dismissal of Appellees' complaint is inappropriate at this stage because the complaint can be read to allege exclusion based on viewpoint. The complaint alleges that "[t]he only people barred from the press conference were the Plaintiffs, who had supported an alternative that the Forest Service did not choose." In addition, the complaint alleges that a Forest Service public relations officer told Mr. Campbell that the press conference was "just for people who lived in the project area." These statements allow an inference that members of the general public who lived in the project area but who had not previously opposed the Forest Service's chosen alternative were admitted, but Appellees, who also lived in the project area, were excluded by Bull based on their viewpoint. The government appeared to concede at oral argument that if Appellees' complaint is read to allege exclusion from the press conference based on their viewpoint, the complaint states a claim under the First Amendment.

Because the government has not yet had an opportunity fully to evaluate the complaint based on this theory, and because the district court ruled against the government based on a different theory, we remand for further proceedings.

Appellees stated at oral argument that they do not contend their exclusion from the press conference was a form of retaliation intended to burden First Amendment conduct beyond their attendance at the press conference. We therefore need not consider whether Appellees' exclusion constitutes a sufficient harm to chill Appellees' other First Amendment speech. *See Pinard v. Clatskanie School Dist. 6J*, 467 F.3d 755, 770 (9th Cir.2006).

REVERSED AND REMANDED.